IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TIGER MANAGEMENT L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| TIGER 21, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff TIGER MANAGEMENT L.L.C. ("Tiger Management" or

"Plaintiff"), by and through its undersigned counsel, as and for its Complaint

against defendant TIGER 21, LLC ("Tiger 21" or "Defendant"), respectfully

shows and alleges as follows:

## NATURE AND BASIS OF ACTION

1.

This is an action for service mark and trade name infringement, use of false

designations of origin, unfair competition and cyberpiracy arising under the

Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. § 1051 et seq.;

unfair competition, misappropriation, and deceptive acts and practices under the

laws of the State of New York; and common law unfair competition.  Tiger

Management seeks monetary and injunctive relief against Defendant.

PARTIES

2.

Plaintiff Tiger Management is a limited liability company organized and

existing under the laws of Delaware, having its principal place of business at 101

Park Avenue, New York, New York 10178.  Tiger Management is and has for

many years been well-known in the financial community as an investment advisor

to and money manager for several well-known investment funds.

3.

Upon information and belief, Defendant is a limited liability company

organized and existing under the laws of New York, having its principal place of

business at 6 East 87th Street, New York, New York  10128.  Upon information

and belief, Defendant is engaged in providing services relating to investment and

related financial subjects, including the conducting of seminars and the facilitation

of investor education groups, directed to high net worth individuals.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction over the subject matter of this action pursuant to

15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367 because this case arises

under the Lanham Act.  This Court has original and supplemental jurisdiction over

the unfair competition claims asserted herein under state statutory and common

law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because those claims are

substantial and related to Tiger Management's claims under the Lanham Act, such

that they form part of the same case or controversy under Article III of the United

States Constitution.

5.

Venue in this Judicial District is proper under 28 U.S.C. § 1391 because

Defendant has committed certain of the unlawful acts complained of in this

Judicial District and maintains a place of business and therefore resides and may be

found within this Judicial District.

<u>FACTS GIVING RISE TO THIS ACTION</u>

<u>PLAINTIFF'S ACTIVITIES</u>

6.

Plaintiff Tiger Management is a well-known financial services and investment management company based in New York and founded by Julian Robertson, a world-renowned investment advisor and fund manager.  Since at least 1980, and since long before the acts of Defendant complained of herein, Tiger Management and its related companies have continuously and extensively used the mark TIGER in connection with financial and investment management services.

7.

Throughout its twenty-six year history, Tiger Management has used the mark TIGER in connection with financial and investment management services. In addition, since 2000 Tiger Management has licensed to certain funds the right to use the mark TIGER in connection with financial services.  Tiger Management currently is licensing the right to use and/or is using the mark TIGER in connection with a significant number of funds including, without limitation, funds that are licensed to use the names TIGER GLOBAL, TIGER ASIA, TIGER VEDA, TIGERSHARK, TIGER SELECT, TIGER OPPORTUNITY, TIGER CONSUMER, and FIREMARK TIGER.

8.

As a result of such longstanding, widespread, extensive and continuous use, Tiger Management enjoys well-established and exclusive rights in and to the name and mark TIGER for financial, investment management and related services, and the mark TIGER identifies and distinguishes the services of Tiger Management and its licensees from the services and businesses of others; symbolizes the goodwill of the businesses of Tiger Management and its licensees; and is well-known.  As a result, the mark TIGER is of great value to Tiger Management in connection with the offering of the services of Tiger Management and its licensees.

9.

Tiger Management is the owner of U.S. registration number 2,318,897, which was issued by the United States Patent and Trademark Office on February 15, 2000, for the mark TIGER used in connection with "financial services, namely, investment management services."  Said registration is valid and subsisting, has not been revoked or cancelled, and is in full force and effect.  A true and correct copy of registration number 2,318,897 is attached hereto as Exhibit A.

10.

Tiger Management has used the mark TIGER for and in connection with its services in interstate commerce in and throughout the United States continuously

and extensively since at least as early as May 1980, and Tiger Management has

filed with the Patent and Trademark Office an appropriate declaration under

sections 8 and 15 of the Lanham Act with respect to registration number

2,381,897.  Registration number 2,318,897 has therefore become incontestable in

accordance with section 15 of the Lanham Act, 15 U.S.C. § 1065.

11.

The service mark registration of the mark TIGER owned by Tiger

Management is conclusive evidence of the validity of the registered mark and of

the registration of the mark, of Tiger Management's ownership of the mark, and of

Tiger Management's exclusive right to use the registered mark in commerce in

connection with financial and investment management services.

## DEFENDANT'S UNLAWFUL CONDUCT

12.

Upon information and belief, Defendant is a limited liability company

offering services relating to investments and other financial topics to high net

worth individuals, and was founded long after Tiger Management began use of its

TIGER mark.  Upon information and belief, Defendant began advertising and/or

offering its services over the Internet long after Tiger Management began use of its

TIGER mark.

13.

Upon information and belief, Defendant offers its services relating to investments and other financial topics using the trade name and service mark "Tiger 21" and the Internet domain name "www.tiger21.com."  Defendant's use of Tiger Management's TIGER mark in connection with financial and investment-related services is not authorized by Tiger Management.

14.

In addition, in July 2006, Defendant filed with the United States Patent and Trademark Office an application to register the mark TIGER 21 as a service mark for use in connection with "business networking of peer to peer learning groups of high net worth individuals."  Upon information and belief, Defendant's application, serial number 76/649,815, has been allowed by the United States Patent and Trademark Office, but the Examining Attorney responsible for the review of Defendant's application limited his search of the Trademark Office records to marks registered in International Class 35 and did not search for marks registered in International Class 36 such as Tiger Management's registered mark TIGER.  No registration has issued based on Defendant's application.

15.

Upon information and belief, Defendant's services include services specifically relating to investments and directed to high net worth individuals. Since long before the acts of Defendant complained of herein, Tiger Management, itself and/or through its licensees, has used the mark TIGER for and in connection with services relating to investments and directed to high net worth individuals. Since long before the acts of Defendant complained of herein, Tiger Management, itself and/or through its licensees, has used the mark TIGER in connection with financial and investment management services offered to high net worth individual investors.

16.

Since Defendant's first adoption and use of the name and mark TIGER 21 for investment-related services, Tiger Management has received numerous inquiries regarding Defendant and its use of the name TIGER 21, including inquiries regarding whether Defendant is associated or affiliated in some way with Tiger Management or with its founder, Julian Robertson.

17.

Several published articles regarding Defendant and its use of the name TIGER 21 have included references to Tiger Management and/or Julian Robertson,

and, upon information and belief, Defendant added the number "21" to Tiger

Management's TIGER mark in an attempt to avoid the confusion caused by its use

of the name and mark TIGER.  Defendant's attempt to avoid confusion has not

successfully prevented confusion from occurring as a result of Defendant's use of

the name TIGER 21, and has, upon information and belief, caused additional

confusion by suggesting that such an association may exist.

18.

Upon learning of Defendant's unauthorized use of the TIGER mark, Tiger

Management sent Defendant a letter demanding that Defendant cease and desist

from any further use of the names "Tiger" and "Tiger 21" in connection with

services relating to investments and other financial topics because such

unauthorized use of the name and mark TIGER 21 is likely to cause confusion

regarding whether, *inter alia*, Defendant's services are associated or connected

with, or endorsed by, Tiger Management.  A true and correct copy of Tiger

Management's letter to Tiger 21, LLC dated April 27, 2006, is attached hereto as

Exhibit B.

19.

Defendant's use of the TIGER mark has caused, and will continue to cause, confusion regarding whether Defendant, its services, business and/or company are associated, affiliated or connected with, or endorsed by, Tiger Management.

## COUNT I

## INFRINGEMENT OF REGISTERED SERVICE MARK

20.

Tiger Management repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 19 above.

21.

Defendant's willful, deliberate and knowing use of the trade name and service mark TIGER in connection with services relating to investments and other financial topics, including without limitation the conducting of seminars and the facilitation of investor education groups directed to high net worth individuals, constitutes use in commerce in connection with the sale, offering for sale, distribution and/or advertising of services of a name and mark that is likely to cause confusion or mistake and to deceive consumers as to the source or origin of Defendant's services.

22.

Defendant's use of the name and mark TIGER as described above constitutes infringement of Tiger Management's federally registered service mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

23.

The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause Tiger Management irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

## COUNT II

## FALSE DESIGNATION OF ORIGIN AND
## UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT

24.

Tiger Management repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 23 above.

25.

Long prior to the acts complained of herein, Tiger Management commenced use of the TIGER mark in the United States for financial and investment management services, and Tiger Management and its licensees have continuously used said mark in connection with such services since at least 1980.

26.

As a result of the longstanding, widespread, continuous and extensive use of

the TIGER mark by Tiger Management and its licensees for financial and

investment management services and funds, Tiger Management's TIGER mark has

become well and favorably known in the fields of investment management and

financial services.  As a result of such use, Tiger Management's TIGER mark has

come to represent services provided by high-quality investment advisors to and

money managers for a number of well-known and profitable investment funds, and

is associated with services provided by or authorized by entities that are affiliated

with the founder of Tiger Management, Mr. Julian Robertson, who is well and

favorably known in the institutional investment world as one of the premier

investors and fund managers of modern times.

27.

Since long before the acts of Defendant complained of herein, Tiger

Management's TIGER mark has been, and is now, used by Tiger Management's

licensees, including without limitation entities that offer services using the names

TIGER GLOBAL, TIGER ASIA, TIGER VEDA, TIGERSHARK, TIGER

SELECT, TIGER OPPORTUNITY, TIGER CONSUMER, and FIREMARK

TIGER.  Each of these licensees benefits from use of the famous TIGER mark, and such use inures to the benefit of Tiger Management.

28.

In connection with the foregoing use by Tiger Management and its licensees, the TIGER mark has been widely publicized and is recognized as being identified with Tiger Management and its licensees.

29.

Defendant's use of the name and mark TIGER constitutes use in commerce of a false or misleading designation of origin that is likely to deceive, to cause mistake or to cause confusion by leading consumers into believing that Defendant has an affiliation with Tiger Management, is sponsored, licensed or approved of by Tiger Management, or is otherwise associated with or has obtained permission to use the marks of Tiger Management.

30.

The aforesaid acts of Defendant constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31.

The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause Tiger Management irreparable

harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

## COUNT III

### CYBERPIRACY IN VIOLATION OF THE LANHAM ACT

32.

Tiger Management repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 31 above.

33.

Defendant has registered and made commercial use of the domain name "www.tiger21.com," which is confusingly similar to Tiger Management's distinctive and well-known TIGER mark and creates confusion as to the source, sponsorship, affiliation or endorsement of the "tiger21.com" website.

34.

Defendant has exhibited a bad faith intent to profit from Tiger Management's TIGER mark through Defendant's registration and use of said domain name, and, by registering and using said domain name, Defendant intends to obtain and is obtaining commercial gain at the expense of Tiger Management and its licensees and is harming the goodwill represented by the TIGER mark.

35.

The aforesaid acts of Defendant constitute cyberpiracy and, pursuant to Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), are violations of the Anticybersquatting Consumer Protection Act.

36.

The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause Tiger Management irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

COUNT IV

DILUTION IN VIOLATION OF NEW YORK STATUTE

37.

Tiger Management repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 36 above.

38.

Defendant's unauthorized uses of Tiger Management's TIGER mark are likely to dilute the distinctiveness of Tiger Management's service mark, with consequent damage to Tiger Management and the business and goodwill

symbolized by said service mark, in violation of the New York Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-*l*.

39.

The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause Tiger Management irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

COUNT V

DECEPTIVE ACTS AND PRACTICES
IN VIOLATION OF NEW YORK STATUTE

40.

Tiger Management repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 39 above.

41.

The acts of Defendant as described above constitute deceptive acts and practices in violation of N.Y. Gen. Bus. Law §§ 349-350, and have been engaged in by Defendant intentionally, willfully, wantonly and maliciously, and without regard for the rights of Tiger Management.

42.

The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause Tiger Management irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

COUNT VI

COMMON LAW MISAPPROPRIATION

43.

Tiger Management repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 42 above.

44.

The acts of Defendant as described above constitute misappropriation by Defendant to its own use and benefit of the valuable goodwill, reputation and business property of Tiger Management, in violation of the common law of the State of New York.

45.

The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause Tiger Management irreparable

harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

COUNT VII

COMMON LAW UNFAIR COMPETITION

46.

Tiger Management repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 45 above.

47.

The acts of Defendant as described above constitute service mark infringement and unfair competition in violation of Tiger Management's rights under the common law of the State of New York.

48.

The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause Tiger Management irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

PRAYER FOR RELIEF

WHEREFORE, by virtue of the unlawful conduct of Defendant as alleged in this Complaint, Plaintiff Tiger Management L.L.C. respectfully prays that:

(1)   The Court enter judgment that Defendant has

    (a)   infringed Tiger Management's rights in and to the TIGER mark in violation of 15 U.S.C. § 1114(1);

    (b)   used false designations of origin and unfairly competed with Tiger Management in violation of 15 U.S.C. § 1125(a);

    (c)   engaged in acts that constitute cyberpiracy in violation of 15 U.S.C. § 1125(d);

    (d)   injured Tiger Management's business reputation and diluted the distinctive quality of the TIGER mark in violation of New York General Business Law § 360-*l*; and

    (e)   unfairly competed with and otherwise injured Tiger Management by using the TIGER mark in its corporate and trade name, domain names, on its web sites and in its telephone number, and otherwise in connection with its brokerage and investment services;

(2)   The Court enter a judgment permanently enjoining and restraining Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in active concert or participation with Defendant, from:

- 19 -

(a)   using the TIGER mark, or any mark confusingly similar to the TIGER mark, in or as part of a trademark or service mark, its corporate or trade name, any domain names or web sites and any telephone number, or otherwise in connection with Defendant's services;

(b)   representing directly or indirectly in any form or manner whatsoever that Defendant or its business or services are those of Tiger Management or are in any manner associated with, sponsored, licensed or approved by Tiger Management, or otherwise engaging in any actions likely to cause confusion, mistake or deception as to the source, origin, sponsorship, association or affiliation of Defendant or its business or services;  and

(c)   otherwise infringing the service mark or trade name rights of Tiger Management, or otherwise competing unfairly with Tiger Management in any manner;

(3)   The Court enter a judgment ordering Defendant, its agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with Defendant, to take affirmative

steps to correct and dispel the false impressions that heretofore have been created by Defendant's use of the TIGER mark and formatives and variations thereof;

(4)    The Court enter a judgment ordering Defendant to relinquish the registration of the domain name "tiger21.com," and all other registrations of domain names that incorporate, colorably imitate, or are confusingly similar to the TIGER mark, and transfer said registrations to Tiger Management, and that Defendant be limited to use of domain names that do not use or incorporate the TIGER mark or any mark confusingly similar thereto or likely to cause dilution of the distinctiveness of the TIGER mark or injury to Tiger Management's business reputation;

(5)    The Court enter a judgment ordering Defendant to file with this Court and to serve on Tiger Management within thirty (30) days after the entry of the judgment herein a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the foregoing injunctions;

(6)    The Court enter a judgment awarding Tiger Management (i) Defendant's profits, (ii) Tiger Management's damages, which amount may be trebled by the Court, and (iii) the costs of the action, pursuant to 15 U.S.C. § 1117(a) and New York statutory and common law;

(7)     The Court enter a judgment ordering Defendant to pay Tiger Management's costs and reasonable attorney's fees in a sum and manner deemed appropriate by this Court based on the deliberate and willful acts of Defendant pursuant to 15 U.S.C. § 1117(a) and the laws of the State of New York;

(8)     The Court enter a judgment awarding Tiger Management punitive damages pursuant to the law of the State of New York in view of Defendant's intentional and willful service mark infringement; and

(9)     The Court grant Tiger Management such other and further relief as this Court deems just, proper, and equitable.


Dated:  March 16 , 2007

                              Respectfully submitted,

                              KING & SPALDING LLP


                              Keith E. Sharkin (KS-1307)

                              1185 Avenue of the Americas
                              New York, New York  10036-4003
                              Telephone:  212-556-2100
                              Facsimile:  212-556-2222

                              Attorneys for Plaintiff
                              TIGER MANAGEMENT L.L.C.

- 22 -

OF COUNSEL:

Bruce W. Baber
    (Ga. Bar No. 030050)
Emily E. Bienko
    (Ga. Bar No. 056834)
King & Spalding LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

EXHIBIT A

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,318,897

Registered Feb. 15, 2000

## SERVICE MARK
### PRINCIPAL REGISTER

# TIGER

TIGER MANAGEMENT L.L.C. (DELAWARE
    LIMITED LIABILITY COMPANY)
101 PARK AVENUE
NEW YORK, NY 10178

   FOR: FINANCIAL SERVICES, NAMELY, IN-
VESTMENT MANAGEMENT SERVICES, IN
CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST   USE   5-0-1980;   IN   COMMERCE
5-0-1980.

   SER. NO. 75-614,028, FILED 12-28-1998.

KAREN BRACEY, EXAMINING ATTORNEY

EXHIBIT B

# KING & SPALDING LLP

1180 Peachtree Street
Atlanta, Georgia  30309-3521
www.kslaw.com

Bruce W. Baber
Direct Dial: 404/572-4826
Direct Fax:  404/572-5134
bbaber@kslaw.com

April 27, 2006

BY CERTIFIED MAIL /
   RETURN RECEIPT REQUESTED

Tiger 21, LLC
Suite 10D
146 Central Park West
New York, New York  10023

Attention:   President or General Counsel

Re:   Tiger Management Corporation –
      Name Conflict

Dear Sir or Madam:

     Our firm represents Tiger Management L.L.C. and its parent Tiger Management Corporation ("Tiger Management") with respect to intellectual property matters.  We are writing this letter on behalf of and at the request of Tiger Management.

     As you know, Tiger Management is a well-established investment manager based in New York.  Tiger Management and its principals are well-known in the financial community as investment advisors to and money managers for several investment funds, including a number of hedge funds.  Tiger Management has been in business since 1980 and has used its corporate and trade names "Tiger" and "Tiger Management" extensively throughout its twenty-four year history, including as the name of its oldest fund.  A predecessor fund, known as "Tiger," at one time had several billion dollars under management.  At present, a successor entity, Tiger Partners, has well in excess of a billion dollars under management. Based on the foregoing, Tiger Management enjoys well-established exclusive rights in and to the name and mark TIGER for financial services.

ATLANTA  •  HOUSTON  •  LONDON  •  NEW YORK  •  WASHINGTON, D.C.

Tiger 21, LLC
April 27, 2006
Page 2

In order to protect its valuable and exclusive rights to the mark TIGER in the financial services field, Tiger Management has obtained and is the owner of a federal service mark registration for the mark TIGER. That registration, number 2,318,897, was issued in February of 2000, and is on the Principal Register of the United States Patent and Trademark Office. As a result, Tiger Management enjoys exclusive nationwide rights to use the mark TIGER for investment management and related financial services.

Tiger Management has recently become aware of your use of the name "Tiger 21" as well as your Internet web site, www.tiger21.com. It is Tiger Management's understanding from that web site that your company is in the business of facilitating peer-to-peer investor learning groups and conducting investment-related seminars for high net worth individuals.

It is our client's and our belief that your use of the name "Tiger 21" in connection with such investment-related activities is likely to cause confusion regarding, inter alia, whether your web site, your investor learning groups, seminars and other services, and/or your firm are connected or associated in some way with Tiger Management. Such confusion is detrimental to both your company and to Tiger Management. We therefore request on behalf of Tiger Management that you change your domain name, web site and corporate name to one that is not likely to cause such confusion and cease all further use of the names "Tiger," "Tiger 21" and "Tiger 21, LLC" in connection with any such activities, including on the Internet.

We would appreciate your giving this matter your prompt attention, and would ask that you advise me, in writing, within ten days from your receipt of this letter, of the steps you intend to take to address these important issues.

Sincerely,

Bruce W. Baber

BWB/jaw

cc:    Ms. Kirstin Sutcliffe